UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON LEON BIBBS, | Case No. CV 20-8728-JVS (KK) |
| Petitioner, | ORDER SUMMARILY DISMISSING ACTION WITH PREJUDICE |
| v. | |
| ALEX VILLANUEVA, | |
| Respondent. | |

## I.

## **INTRODUCTION**

Pro se petitioner Brandon Leon Bibbs ("Petitioner"), a pretrial detainee currently confined at Men's Central Jail in Los Angeles County, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"). ECF Docket No. ("Dkt.") 1. For the reasons discussed below, the Court summarily DISMISSES this action with prejudice.

///
///
///
///
///

## II.

## **BACKGROUND**

### A. PREVIOUS PETITION IN CV 20-4222-JVS (KK)

On May 28, 2020, Petitioner constructively filed[1] a First Amended Petition in this Court in Case No. CV 20-4222-JVS (KK). Bibbs v. United States, CV 20-4222-JVS (KK), Dkt. 8, FAP. Petitioner alleged he is "currently in custody of the Los Angeles Sheriff's Department, charged with 10 counts of robbery with a firearm, by information, awaiting trial in the Superior Court of Los Angeles (Super Ct. Case no. VA134204)." Id. at 2. Petitioner named Sherriff Alex Villanueva as respondent and sought "emergency temporary release" pursuant to "U.S. v. Daniels, 2020 U.S. Dist. LEXIS 63365", Section 2241, and the First, Sixth, Eighth, and Fourteenth Amendments, based on the following claims: (1) "L.A. County Jail['s] overpopulation with COVID-19 patients"; (2) "unsanitary jail conditions"; (3) "inadequacy of courts and counsel"; and (4) "safe release conditions." Id. at 1. Petitioner appeared to argue the "extraordinary circumstances" exception to Younger[2] was warranted based on "the hinderance of courts and counsel, that he is horrified by unsanitary jail conditions in furtherance to the uprising global pandemic, stemming to possible sudden death or delay . . . ." Id. at 2.

On July 17, 2020, the Court summarily dismissed the action with prejudice because federal court abstention was required pursuant to Younger and entered Judgment accordingly. Dkts. 11, 12.

### B. CURRENT PETITION

On September 15, 2020, Petitioner filed the instant Petition again challenging his pretrial detention by the Los Angeles Sheriff's Department pending trial in Los Angeles County Superior Court Case No. VA134204. Dkt. 1 at 2-3. Petitioner sets

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

[2] Younger v. Harris, 401 U.S. 37, 43-45, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).

1 forth the following two claims for relief: (1) Petitioner was "illegally committed" in
2 violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments when he was
3 arraigned on May 31, 2016 without a "filed felony complaint", an unverified second
4 amended felony complaint was filed on December 13, 2016, he was held to answer
5 without an endorsed order on January 17, 2017, and the prosecution filed an
6 information charging him on January 31, 2017; and (2) Petitioner was "illegally
7 arrested" in violation of the Fourth and Fourteenth Amendments when he was
8 "brought to custody in the Los Angele Sheriff's Department" on April 22, 2016
9 without an arrest report or information. Id. at 5-6.

## III.

## DISCUSSION

**THE PETITION IS SUBJECT TO DISMISSAL BECAUSE IT SEEKS TO INTERFERE WITH PENDING STATE COURT PROCEEDINGS**

**A.  APPLICABLE LAW**

When a state prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus". Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973). "[T]he general grant of habeas authority in [28 U.S.C. § 2241] is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment [such as] a defendant in pre-trial detention[.]" Stow v. Murashige, 389 F.3d 880, 886 (9th Cir. 2004) (quoting White v. Lambert, 370 F.3d 1002, 1006 (9th Cir. 2004)) (holding pretrial detainee's request for federal habeas relief under 28 U.S.C. § 2241(c)(3) is properly brought); Rosenbalm v. Mendocino Superior Court, No. C 06-7412 SI(PR), 2007 WL 878522, at *1 (N.D. Cal. Mar. 21, 2007) ("This court may entertain a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3) by a person who is in custody but not yet convicted or sentenced.").

3

1        Principles of comity and federalism, however, require federal courts to abstain
2   from interfering with pending state court proceedings.  See Younger v. Harris, 401
3   U.S. 37, 43-45, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).  The Ninth Circuit has held
4   abstention is appropriate when: (1) there is "an ongoing state judicial proceeding"; (2)
5   the proceeding "implicate[s] important state interests"; (3) there is "an adequate
6   opportunity in the state proceedings to raise constitutional challenges"; and (4) the
7   requested relief "seek[s] to enjoin" or has "the practical effect of enjoining" the
8   ongoing state judicial proceeding.  Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir.
9   2018) (citing ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund, 754 F.3d 754, 758
10  (9th Cir. 2014)).
11       "Extraordinary circumstances," may warrant exception to the "fundamental
12  policy against federal interference with state criminal prosecutions."  Younger, 401
13  U.S. at 46, 53-54; Brown v. Ahern, 676 F.3d 899, 900-01 (9th Cir. 2012) (holding
14  "abstention principles . . . prohibit a federal court from considering a pre-conviction
15  habeas petition that seeks preemptively to litigate an affirmative constitutional defense
16  unless the petitioner can demonstrate that 'extraordinary circumstances' warrant
17  federal intervention." (citing Carden v. State of Mont., 626 F.2d 82, 83 (9th Cir.
18  1980))).  To demonstrate an exception to Younger, a petitioner must show: (1) he
19  would suffer irreparable harm that is "both great and immediate" if the federal court
20  declines jurisdiction; (2) there is bad faith or harassment, on the part of state, in
21  prosecuting him; or (3) the state court system is biased against Petitioner's federal
22  claim.  See Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S.
23  423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982); Kugler v. Helfant, 421 U.S. 117,
24  124-25, 95 S. Ct. 1524, 44 L. Ed. 2d 15 (1975); see also Brown, 676 F.3d at 901 (citing
25  Carden, 626 F.2d at 83).
26  ///
27  ///
28  ///

4

## B.   ANALYSIS

As an initial matter, Petitioner admits his criminal case is "still pending" in the Los Angeles County Superior Court. Dkt. 1 at 2-3. Petitioner is, therefore, a pretrial detainee. Accordingly, 28 U.S.C. § 2241(c)(3) governs this case. Stow, 389 F.3d at 886.

Petitioner challenges various aspects of his ongoing state criminal proceedings such as his arrest and arraignment. Dkt. 1 at 5-6. The Court, therefore, finds abstention is appropriate as all four Younger abstention criteria are satisfied. First, Petitioner has an "ongoing state judicial proceeding" as he states his criminal case for robbery with a firearm is "still pending" in the Los Angeles Superior Court Case No. VA134204. Id. at 2. Second, the resolution of state criminal proceedings clearly implicates important state interests. See Kelly v. Robinson, 479 U.S. 36, 49, 107 S. Ct. 353, 93 L. Ed. 2d 216 (1986) ("The right to formulate and enforce penal sanctions is an important aspect of the sovereignty retained by the States." (citing Younger, 401 U.S. at 46)); see also Middlesex, 457 U.S. at 432 ("Proceedings necessary for the vindication of important state policies or for the functioning of the state judicial system also evidence the state's substantial interest in the litigation."). Third, Petitioner has "an adequate opportunity in the state proceedings to raise constitutional challenges," either at the trial or appellate level, and there appears nothing preventing Petitioner from doing so.[3]  See Arevalo, 882 F.3d at 765. Fourth, habeas relief from this Court in the form of release would have the "practical effect" of enjoining the state court proceedings, particularly the state court's bail determination. See Bowell v.

---

[3] Petitioner, in fact, filed habeas petitions in the Los Angeles County Superior Court, California Court of Appeal, and California Supreme Court challenging his pretrial detention. Dkt. 1 at 3-5. In addition, Petitioner does not allege his bail hearing was constitutionally inadequate, nor has Petitioner shown he has exhausted state remedies regarding any claims related to his bail hearing. Cf. Arevalo v. Hennessy, 882 F.3d 763, 766 (9th Cir. 2018) (finding that where Petitioner was challenging a constitutionally inadequate bail hearing in state court and had "properly exhausted his state remedies as to his bail hearing, . . . Younger abstention is not appropriate in this case because the issues raised in the bail appeal are distinct from the underlying criminal prosecution and would not interfere with it.").

1  Paramo, No. CV-17-9313-TJH (MAA), 2018 WL 4735721, at *4 (C.D. Cal. Aug. 6,
2  2018), report and recommendation adopted, No. CV-17-9313-TJH-MAA, 2018 WL
3  4698250 (C.D. Cal. Sept. 28, 2018), certificate of appealability denied, No. 18-56319,
4  2018 WL 6978341 (9th Cir. Dec. 20, 2018) (finding if the court were to grant
5  emergency release, "it necessarily would entail interference because the ongoing state
6  proceeding effectively would be terminated" (citing San Jose Silicon Valley Chamber
7  of Commerce Political Action Committee v. City of San Jose, 546 F.3d 1087, 1095-96
8  (9th Cir. 2008) (finding interference under Younger where the federal relief sought
9  would "involve the federal courts in terminating or truncating" the ongoing state
10 proceeding (citation omitted)))).

11         Moreover, Petitioner once again fails to identify any "extraordinary
12 circumstances" warranting the Court's interference as an exception under Younger.
13 Petitioner does not allege he has been the subject of harassment or that that his
14 continued prosecution is in bad faith and without hope of obtaining a valid
15 conviction.  See Brown, 676 F.3d at 901.  Petitioner's various allegations, even
16 liberally construed, are conclusory and unsupported.  See Collins v. People of the
17 State of California, No. CV-16-03703-DMG (KS), 2016 WL 4161973, at *2 (C.D. Cal.
18 Aug. 1, 2016) ("Federal intervention cannot be predicated on conclusory allegations
19 and Petitioner provides no proof that his continued prosecution by the state actually
20 stems from bad faith and harassment and not some other basis.").  Furthermore,
21 Petitioner has not shown he will suffer "irreparable injury" by waiting until the state
22 court proceedings are concluded to bring his claims in this Court.  See Younger, 401
23 U.S. at 46 (holding "irreparable injury is insufficient unless it is 'both great and
24 immediate'").

25         Accordingly, federal court abstention is required.  Younger, 401 U.S. at 53-54.
26 The action is, therefore, subject to dismissal.
27 ///
28 ///

## IV.
## **ORDER**

Accordingly, this Court ORDERS Judgment be entered summarily DISMISSING this action with prejudice.

Dated: October 01, 2020

HONORABLE JAMES V. SELNA
United States District Judge

Presented by:

HONORABLE KENLY KIYA KATO
United States Magistrate Judge

7